Natalia KUROVSKAYA,
et al., Plaintiffs,

v.

PROJECT O.H.R., INC., Defendant.

16–cv–3030 (VM)

United States District Court,
S.D. New York.

Signed April 13, 2017

Kara Sue Miller, LaDonna Marie Lusher, Milana Dostanitch, Virginia & Ambinder, LLP, New York, NY, for Plaintiffs.

Kunal U. Shah, Peckar & Abramson, P.C., River Edge, NJ, Kevin Joseph O'Connor, Sr., Peckar & Abramson, P.C., New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Defendant Project O.H.R., Inc. ("Project O.H.R." or "Defendant") removed this action to the Southern District of New York

pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified as 28 U.S.C. Sections 1332(d) and 1441(a), and 28 U.S.C. Sections 1446 and 1453. (See Dkt. Nos. 1–3.) In response, Plaintiffs Natalia Kurovskaya and Ruslan Domnic (collectively, "Plaintiffs") filed a motion to remand to the New York State Supreme Court, New York County (the "State Court") where the case was originally brought. ("Motion," Dkt. No. 13.)

For the reasons discussed below, the Plaintiffs' Motion is GRANTED.

## I. BACKGROUND

On January 20, 2016, Plaintiffs commenced this action, individually and on behalf of all other persons similarly situated, against Project O.H.R. in the State Court, alleging violations of New York Labor Law ("NYLL"), including failure to pay wages and overtime. (See "Lusher Decl.," Dkt. No. 14 Ex. 1.) Plaintiffs filed an amended complaint on March 28, 2016, again alleging violations of NYLL, including failure to pay minimum wage, overtime, and "spread of hours" pay, among other related claims. ("First Amended Complaint," Dkt. No. 3, Ex. 1.)

On April 25, 2016, Defendant removed the action to the Southern District of New York pursuant to CAFA. (See Dkt. Nos. 1–3.) Defendant argued that removal was proper under CAFA because it estimated the matter in controversy to exceed $5,000,000; minimal diversity was met because Plaintiffs' First Amended Complaint brought suit on behalf of "each and every person employed by Defendant"; and "the size of the putative class is believed to be in excess of 100 individuals." (Dkt. No. 3, at 2–5 (quoting First Amended Complaint ¶¶ 9–10).)

Plaintiffs moved to remand the action to the State Court, asserting that this Court lacks jurisdiction over this matter pursuant to the local controversy and the home state exceptions to CAFA (See Motion (citing to 28 U.S.C. Sections 1332(d) (4) (A) and (B)).) Following the filing of Defendant's Opposition on June 8, 2016, and Plaintiffs' Reply on June 22, 2016, the Court held a telephone conference on June 24, 2016, during which the Court ordered the parties to submit a joint letter addressing pending litigation raising similar claims against Defendant in a case in the Eastern District of New York, titled Bonn–Wittingham, et al. v. Project O.H.R. (the "Bonn–Wittingham Action"); possible amendment of the complaint; and whether the Court should grant minimal jurisdictional discovery by July 8, 2016. (See Dkt. Nos. 17, 18, 20; Dkt. Minute Entry for June 24, 2016.) However, beginning July 8, 2016, the parties submitted joint letter requests seeking extensions of time to provide the Court with the response, which the Court granted. (See Dkt. Nos. 22–31.) The parties filed their joint letter on April 4, 2017. ("Joint Letter," Dkt. No. 32.)

In the Joint Letter, Defendant argues that (1) Plaintiffs have not provided "definitive evidence" in their First Amended Complaint sufficient to warrant remand under either the local controversy or home state exceptions to CAFA; (2) the Bonn–Wittingham Action consists of the same putative class as in this litigation and was filed before the First Amended Complaint in this case; and (3) permitting Plaintiffs to file a second amended complaint would be a futile task. (Joint Letter at 1–3 (citing Nop v. Am. Water Resources, Inc., No. 15-1691, 2016 WL 4890412 (D.N.J Sept. 14, 2016).)

Plaintiffs argue in the Joint Letter that Plaintiffs should be granted leave to amend their complaint to clarify that the action pertains only to New York citizens because this was the intention when they filed claims by residents of New York,

against Defendant located in New York, for work performed in New York, and pursuant only to the NYLL, not under federal law. Plaintiffs note that the First Amended Complaint states that all class members are "residents" of the state of New York, which is analogous to "citizenship" as required under federal law; they merely used the incorrect term of art because they filed the case in New York State.

Plaintiffs further argue that the Bonn–Wittingham Action was filed after Plaintiffs commenced this litigation, and is distinguishable from the instant case, because the Bonn–Wittingham plaintiffs alleged claims under the Fair Labor Standards Act ("FLSA") and Defendant moved to dismiss several claims and class allegations in light of an "affirmative defense exclusive to the FLSA"—the "companionship services" exemption which limits FLSA protections to home companions. (Joint Letter at 4–10). Therefore, Plaintiffs argue that the Court should either (1) permit the Plaintiffs to clarify the First Amended Complaint with respect to "citizenship" as opposed to "residence" in light of Defendant's removal after Plaintiffs' filing of the First Amended Complaint; (2) grant limited discovery with respect to the class members' citizenship, or (3) infer citizenship based on Plaintiffs' residency in New York for the purposes of assessing whether CAFA exceptions apply. (Id.)

## II. APPLICATION

CAFA grants federal jurisdiction to any class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," the proposed plaintiff class has 100 or more members, and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. Section 1332(d)(2)(A).

However, CAFA provides for three exceptions to federal jurisdiction. See 28 U.S.C. Section 1332(d)(3), (4). The "local controversy" and the "home state" exceptions provide that:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)—

(A)(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal-injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two–thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. Section 1332(d)(4) (emphasis added).

■ In addition to the mandatory local controversy and home state exceptions, CAFA provides for a discretionary "interests of justice" exception. See 28 U.S.C. Section 1332(d)(3). "A district court may, in the 'interests of justice' and looking at the totality of the circumstances, decline to exercise jurisdiction in class actions in which more than one-third but less than two-thirds of the members of the putative class and the primary defendants are citizens of the state in which the action was originally filed," based upon consideration of several factors. Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 77 (S.D.N.Y. 2006). Those factors include "whether the claims asserted involve matters of national or interstate interest; whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; ... [and] whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants[,]" among others. 28 U.S.C. Section 1332(d)(3).

■ A Court may infer citizenship for the purposes of evaluating whether the citizenship requirement of a CAFA exception has been met by the moving party. See Weider v. Verizon N.Y., Inc., No. 14-CV-7378, 2015 WL 3474102 (E.D.N.Y. June 2, 2015) (court assumed citizenship requirement was met because employer was a citizen of New York and class members performed work solely for New York accounts); Commisso v. Pricewaterhouse-Coopers LLP, No. 11 Civ. 5713, 2012 WL 3070217 (S.D.N.Y. July 21, 2012) (holding Courts may "simply make reasonable assumptions about the makeup of the putative class" when determining citizenship for CAFA's exceptions); Lucker v. Bayside Cemetery, 262 F.R.D. 185, 189 (E.D.N.Y. 2009) (court remanded based on "the eminently reasonable assumption"

that the majority of people desiring to be buried in a Queens cemetery were New York State residents); Mattera, 239 F.R.D. at 80 (finding that "while [the party moving to remand] ha[s] not provided evidence, in the form of an affidavit or otherwise, establishing such citizenship, it is reasonably likely that more than two-thirds of the putative class members of the proposed class—all of whom work in New York—are citizens of New York.").

Upon reviewing the pleadings, the Joint Letter, and the parties' memoranda regarding Plaintiffs' Motion, the Court finds that granting Plaintiffs' motion to remand the instant case to the State Court is appropriate.

■ Plaintiffs asserted in the First Amended Complaint that the members of the class are "individuals currently residing" in New York; the Defendant is a not-for-profit with its principal place of business in New York; and the class consists of persons employed by Defendant to provide "home care services to Defendant's clients within the State of New York." (First Amended Complaint ¶¶ 5, 6, 15.). While it is certainly possible that some home care workers and putative class members employed by Defendant may commute to New York from neighboring states, this Court is persuaded that it is reasonable to infer from the facts mentioned above that two-thirds or more of the putative class members—home care workers engaged to work in New York for Defendant—are citizens of New York State.

Because the Court finds that two-thirds or more of the Plaintiff class comprises citizens of New York State and it is undisputed that Defendant is a citizen of New York, the minimal diversity required for CAFA jurisdiction is not present here. Therefore, the home state CAFA exception applies.

In addition, "during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]" 28 U.S.C. Section 1332(d)(4)(A). Accordingly, Plaintiffs have shown that the local controversy exception also applies. Defendant's argument that the Bonn–Wittingham Action is such a class action as contemplated by the statute is unavailing. (See Dkt. No. 17, at 8.) The instant suit was filed on January 26, 2016. The Bonn–Wittingham Action was filed on February 2, 2016. That Plaintiffs later filed a First Amended Complaint is irrelevant; this action was filed first in time. The local controversy exception is not precluded on this ground.

Because the local controversy and home state exceptions are mandatory, not permissive, the Court finds that it lacks jurisdiction and is obligated to remand the case to the State Court. See 28 U.S.C. Section 1332(d)(4) ("A district court shall decline to exercise jurisdiction . . . .") (emphasis added).

Finally, even if the Court were unwilling to infer that two-thirds of the Plaintiff class members are citizens of New York, the Court finds that it is eminently reasonable to infer that "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed[.]" 28 U.S.C. Section 1332(d)(3). Upon considering the totality of the circumstances, the Court finds that this action is one grounded on New York State law, involving New York-based parties, and that it is of state, rather than national or interstate, interest. Therefore, the Court finds that, at a minimum, the discretionary "interests of justice" CAFA exception applies to the instant case, again counseling in favor of remand.

### III. ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the Clerk of Court is directed to remand this action to the New York Supreme Court, New York County; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**